EUSTACE EGGIE ET AL., TRADING AS EUSTACE AND DEMOTTE EGGIE, v. WILLIAM M. DENOF.

Submitted October 14, 1927—Decided February 6, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the rule, *Robert J. Tait Paul.*

*Contra, Knight & Orlando.*

PER CURIAM.

Plaintiffs sold defendant a second-hand Jordan car. As a part of the consideration for this car a 1918 model Cadillac car was taken by plaintiffs at an agreed value of $700.

The balance of the consideration was financed through an automobile finance company.

Defendant having defaulted in his payments the Jordan car was sold at public sale for $300, and this suit was brought by plaintiffs to recover the difference between either $1,000 or $1,102 and the sale price of $300.

The defendant answered and counter-claimed alleging that the Jordan car was not in accordance with the warranties of sale, and that he had rescinded his contract and was not indebted to the plaintiffs thereon, and, under the counter-claim, sought to recover the value of his Cadillac car turned in as part payment for the Jordan car.

The jury found against the plaintiffs and in favor of the defendant upon the original cause of action, and also found against the plaintiffs and in favor of the defendant upon his counter-claim in the sum of $350.

Plaintiffs then obtained the present rule to show cause why this verdict should not be set aside.

The reasons argued go in two directions; that the verdict is against the weight of the evidence and against the charge of the court.

We conclude that there was ample evidence to support the verdict against the plaintiffs upon their original cause of

action against the defendant, and the verdict in that direction should not be disturbed.

The trial court charged that there was an utter absence of any evidence other than the trade in value of the Cadillac car upon which the jury could find the value thereof in the event that it found in favor of the defendant on his counter-claim, and, therefore, the jury could do no more than return a verdict in his favor for nominal damages.

This instruction under the evidence in this case was erroneous. *Teets* v. *Hahn,* 49 *Court of Errors and Appeals, October term,* 1927.

Nevertheless, the verdict being against the law of the case as determined by the trial judge, it cannot be sustained. *Queen* v. *Jennings,* 93 *N. J. L.* 353, cases therein cited.

The rule will therefore be discharged as to the verdict against the plaintiffs upon their action against the defendant, and be made absolute with respect to the verdict in favor of the defendant upon his counter-claim and a *venire de novo* awarded for a retrial as to the value of the Cadillac car under the issue raised by the counter-claim of the defendant.